**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERIK L. COPELAND and
TRINA R. COPELAND,
individuals,

                                              Case No.:

      Plaintiffs,

v.

SUNCOAST CREDIT UNION,
 EXPERIAN INFORMATION
SOLUTIONS, INC., and
EQUIFAX INFORMATION
SERVICES, LLC,

      Defendants.
_____/

## COMPLAINT

**COME NOW**, Plaintiffs, ERIK L. COPELAND (hereinafter, "Erik") and TRINA R. COPELAND (hereinafter, "Trina") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendants, SUNCOAST CREDIT UNION (hereinafter, "Suncoast"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax") (hereinafter collectively, "Defendants").  In support thereof, Plaintiffs state:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendants—despite Plaintiffs repeatedly disputing the inaccurate credit reporting of the subject obsolescent Suncoast

debt directly to Equifax and Experian—continued to inaccurately report a balance due and past-due on Plaintiffs' consumer credit reports in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3.      Defendants are subject to the jurisdiction of this Court as Suncoast, Equifax, and Experian each regularly transact business in this District, and the events described herein occur in this district.

4.      Venue is proper in this District as the acts and transactions described herein occur in this District.

5.      At all material times herein, Plaintiffs are natural persons and consumers residing in Hillsborough County, Florida.

6.      At all material times herein, Suncoast does business in Florida.

7.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8.      At all material times herein, Experian is also a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree

Street, NW, Atlanta, GA 30309.

10.    At all material times herein, Equifax is also a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

## FCRA STATUTORY STRUCTURE

11.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  *Id.* at § e(b) (emphasis added).

13.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency

shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

15.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

16.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

17.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount

equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees. *Id.* at § o.

## <u>GENERAL ALLEGATIONS</u>

19.     At all material times herein, Plaintiffs are "consumers" as defined by 15 United States Code, Section 1681a(c).

20.     At all material times herein, Suncoast, itself and through its subsidiaries, regularly services the credit of consumers in Hillsborough County, Florida.

21.     At all material times herein, Suncoast is also a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.     At all material times herein, Suncoast reports information concerning a consumer debt, including but not limited to, an alleged balance due from Plaintiffs on a personal loan referenced by Account No. 4251679**** (hereinafter, the "Debt").

23.     At all material times herein, the Plaintiffs entered into a settlement agreement, via a Stipulation For Payments And To Withhold Judgment, with Suncoast on June 26, 2015, in which Suncoast agreed to settle the Debt for a reduced amount.  A true and correct copy of the Stipulation is attached as **Exhibit A.**

24.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.     All necessary conditions precedent to the filing of this action occurred, or

Defendants waived the same.

## FACTUAL ALLEGATIONS

### Waiver of the Debts

26.     On or about January 17, 2019, Plaintiffs fulfilled the terms of the Stipulation, and as such, Suncoast dismissed their lawsuit against Plaintiffs.  A true and correct copy of the Notice of Voluntary Dismissal With Prejudice is attached as **Exhibit B.**

27.     Despite this, Suncoast continued to inaccurately report the Debt on Plaintiffs' Experian and Equifax credit reports.

### Plaintiff's First Dispute to Equifax, Experian, TransUnion and Suncoast

28.     On or about July 1, 2019, Plaintiffs obtained copies of their credit reports from Equifax, Experian, and Experian.

29.     According to the immediately-aforementioned reports, as of July 10, 2019, Suncoast inaccurately reported the Debt on Plaintiffs' Equifax, Experian, and TransUnion reports. Both Equifax and Experian claim Plaintiffs had a past due balance of $4,684.

30.     Further, the Transunion reports claimed Plaintiffs had a balance and a past due balance of $4,684 in June 2019; $499 in May 2019; $499 in April 2019; $499 in March 2019; $499 in February 2019; and $499 in January 2019.

31.     Shortly thereafter, legal counsel, on behalf of Plaintiffs, sent a letter to Suncoast, Transunion, Experian, and Equifax disputing the inaccurate information Suncoast communicated and reported on Plaintiffs' credit reports (hereinafter, "First Dispute" or "First Dispute Letter").

32.     Transunion, Experian, and Equifax each received the First Dispute, and each communicated Plaintiffs' First Dispute to Suncoast.

33.     Suncoast also received Plaintiffs' First Dispute directly from Plaintiffs' legal

counsel.

34.     Despite Plaintiffs' First Dispute Letter to Equifax and Experian detailing the objectively-inaccurate reporting of the Debt, Experian and Equifax did not correct the disputed inaccurate information after re-investigating the First Dispute.

## **Plaintiffs' Second Dispute to Suncoast, Equifax and Experian**

35.     On or about September 3, 2019, legal counsel, on behalf of Plaintiffs, sent another dispute letter to Suncoast, Equifax, and Experian *again* disputing the errors contained in Plaintiffs' credit reports (hereinafter, "Second Dispute Letter").

36.     The Second Dispute Letter referenced and enclosed Exhibit A and Exhibit B and again advised that Plaintiffs did not owe the Debt.

37.     Equifax and Experian each received Plaintiffs' Second Dispute, and each communicated Plaintiffs' Second Dispute to Suncoast.

38.      Suncoast also received Plaintiffs' Second Dispute directly from Plaintiffs' legal counsel.

39.     As a result of Plaintiffs' Second Dispute Letter to Equifax and Experian detailing the objectively-inaccurate reporting of the Debt, Equifax and Experian corrected Plaintiffs' credit reports.

40.     Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

41.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and

costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

42.    As a result of the inaccurate reporting of the Debt on Plaintiffs' credit reports, Plaintiffs were denied a home mortgage loan.

43.    Additionally, as a result of Defendants' actions, Plaintiffs suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite not owing the Debt, and despite Plaintiffs' dispute efforts, Plaintiffs must endure the erroneous and inaccurate reporting of the Debt.

44.    Plaintiffs further dealt with the stress and anxiety of feeling hopeless, believing that they would continue to be denied credit as a result of the erroneous and incorrect reporting of the Debt and that Plaintiffs would instead pay higher interest rates in the event they could obtain financing.  In fact, Plaintiffs suffered additional actual damages in the form of damage to their credit reputation, higher credit costs, and other additional costs and fees.

### COUNT ONE: Equifax and Experian
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiffs re-allege paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

45.    Equifax and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiffs.

46.    Equifax and Experian each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiffs' credit

reports regarding the Debts.

47.    Specifically, despite the above-referenced settlement of the Debt on or about January 17, 2019, Equifax and Experian each incorrectly reported adverse information concerning the Debt as noted above.

48.    Further, Equifax and Experian each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports and credit files when re-investigating Plaintiffs' First Dispute of the above-referenced inaccuracies contained in their Equifax and Experian credit reports.

49.    Such reporting of the Debt was objectively false and evidences Equifax and Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports and credit file.

50.    Importantly, Equifax and Experian each possessed actual knowledge of Plaintiffs' settlement agreement with Suncoast, which proved they did not owe the Debt. Notwithstanding, Equifax and Experian failed to remove the obsolescent Debt, even after Plaintiffs' First Dispute.

51.    As a result of Equifax's and Experian's conduct, actions, and inactions, Plaintiffs were denied a home mortgage loan.

52.    Equifax's and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiffs as stated herein.

53.    Equifax's and Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiffs to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:  Equifax and Experian**
**FAIR CREDIT REPORTING ACT –**

### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiffs re-allege paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

54.     Equifax and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiffs' First Dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiffs' credit reports and credit file.

55.     Specifically, Equifax and Experian each willfully and/or negligently refused to properly re-investigate Plaintiffs' consumer reports upon receiving Plaintiffs' First Dispute, as described herein.

56.     For example, despite receiving Plaintiffs' First Dispute Letter, Equifax's and Experian's re-investigation was not conducted in such a way as to assure the maximum possible accuracy of the Debt on Plaintiffs' credit reports.

57.     Specifically, despite Plaintiffs' First Dispute Letter detailing Equifax's and Experian's inaccurate reporting of the Debt, Equifax and Experian each continued to inaccurately report the Debt with a balance owed and past due.

58.     Such reporting is false and evidences Equifax's and Experian's failure to conduct reasonable re-investigations of Plaintiffs' First Dispute.

59.     Equifax's and Experian's reinvestigations of Plaintiffs' First Dispute were not conducted reasonably.

60.     Equifax's and Experian's reinvestigations merely copied, parroted, and relied upon the inaccurate and unreliable Debt information conveyed by Suncoast.

61.     Equifax's and Experian's reinvestigations of Plaintiffs' First Dispute were not

conducted in good faith.

62.     Equifax's and Experian's reinvestigation procedures are unreasonable.

63.     Equifax's and Experian's re-investigations of Plaintiffs' disputes were not conducted using all information reasonably available to Equifax and Experian.

64.     Equifax's and Experian's reinvestigations were *per se* deficient by reason of these failures in Equifax's and Experian's reinvestigations of Plaintiff's First Dispute and the Debt.

65.     Equifax's and Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT THREE: EQUIFAX and EXPERIAN
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges paragraph one (1) through forty-four (44) as if fully restated herein and further states as follows:

66.     Equifax and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiffs' First Dispute, including all relevant attachments.

67.     Specifically, Equifax and Experian each possessed actual knowledge of Plaintiffs' settlement agreement with Suncoast based upon the First Dispute, which proved they did not owe the Debt. Despite this, Equifax and Experian willfully and/or negligently failed to review and consider all information received in Plaintiffs' First Dispute, including all relevant attachments.

68.     Equifax's and Experian's failure to review and consider all information received in

Plaintiffs' First Dispute, including all relevant attachments, was done in bad faith.

69.    Equifax's and Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

## COUNT FOUR: EQUIFAX and EXPERIAN
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiffs re-allege paragraphs one (1) through forty-four (44) as if fully restated herein and further state as follows:

70.    Equifax and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiffs' First Dispute as inaccurate or that could not be verified.

71.    Specifically, Equifax and Experian each possessed actual knowledge of Plaintiffs' settlement agreement with Suncoast based upon the First Dispute, which proved they did not owe the Debt.  Yet, Equifax and Experian willfully and/or negligently failed to update or delete the information on Plaintiffs' credit reports with respect to the Debt that was either inaccurate and/or could not be verified.

72.    As a result of Equifax's and Experian's conduct, actions, and inactions, Plaintiffs were denied a home mortgage loan.

73.    Equifax's and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs' serious injuries, damages, and harm as more fully stated herein.

74.    Equifax's and Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles

Plaintiffs to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**COUNT FIVE: Suncoast**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**

Plaintiffs re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

75.     Suncoast is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiffs' credit reports, failing to fully and properly re-investigate Plaintiffs' First Dispute, failing to review all relevant information regarding the same, and failing to correctly report the Debt on Plaintiffs' credit reports after re-investigating Plaintiffs' First Dispute.

76.     As described above, despite receiving notice of Plaintiffs' First Dispute, Suncoast willfully and/or negligently reported erroneous and inaccurate credit information regarding the Debts to Equifax and Experian.

77.     Specifically, after receiving notice of Plaintiffs' First Dispute, Suncoast inaccurately reported the Debt as containing a balance owed and past-due, which ultimately reflected negatively and adversely on Plaintiffs' Equifax and Experian credit reports and credit files.

78.     Suncoast's re-investigation was not conducted in good faith.

79.     Suncoast's re-investigation was not conducted reasonably.

80.     Suncoast's re-investigation was not conducted using all information reasonably available to Harley.

81.     As a result of Suncoast's conduct, actions, or inactions, Plaintiffs were denied a

home mortgage loan.

82.    Suncoast's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiffs as stated herein.

83.    Suncoast's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiffs respectfully request an entry of:

a.    Judgment against Suncoast, Equifax and Experian for maximum statutory damages for violations of the FCRA;

b.    Judgment enjoining Defendants from engaging in further conduct in violation of the FCRA;

c.    Actual damages in an amount to be determined at trial;

d.    Compensatory damages in an amount to be determined at trial;

e.    Punitive damages in an amount to be determined at trial;

f.    An award of attorney's fees and costs; and

g.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates

safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33703
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
*Counsel for Plaintiffs*